UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| SETH PATRICK ROSS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-60-SKL |
| | ) | |
| FRANK KOPOCS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is a motion for protective order and a motion to quash a subpoena [Doc. 60] filed by a third-party, pro se witness Michael Wieber. The subpoena at issue [Doc. 53] was served by Defendants upon Verizon Wireless to obtain information related to the account for telephone number 863-206-7672. Mr. Wieber contends that the documents requested by the subpoena are "immaterial, not relevant, privileged, confidential and further are not calculated to lead to discoverable evidence" and also argues that the "documents requested in this Subpoena are harassing in nature." [Doc. 60 at Page ID # 215]. Defendants filed a response in opposition to Mr. Wieber's motion [Doc. 58] before the motion itself had been filed with the Court. Nevertheless, the Court will consider Defendants' response as timely filed and responsive to Mr. Wieber's motion. Plaintiffs have also filed a response in opposition to Mr. Wieber's motion [Doc. 63], in which they state they are relying upon Defendants' response.

The subpoena at issue commanded Verizon Wireless to produce "cellular telephone records reflecting the name and address for the account holder concerning cellular number 863-206-7672, incoming and outgoing calls, incoming and outgoing texts, timing and duration of each call for the cellular telephone number 863-206-7672 for February 13 and 14, 2013." [Doc. 53

at Page ID # 191]. Defendants have since served a revised subpoena, in which Verizon Wireless is commanded to produce only "cellular telephone records reflecting the name and address for the account holder concerning cellular number 863-206-7672. This is revised from the Subpoena issued previously." [Doc. 64 at Page ID # 222].

A subpoena is overbroad if it is not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Under Rule 26 of the Federal Rules of Civil Procedure, the parties may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense. For good cause, the court may also order discovery of any matter relevant to the subject matter of the action. The information sought need not be admissible in court, and the burden of establishing relevancy is met where a party shows the information sought appears reasonably calculated to lead to the discovery of admissible evidence. There are, however, ultimate and necessary boundaries to discovery. *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "It is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994) (quoting *United States v. Guy*, 978 F.2d 934, 938 (6th Cir. 1992)). Thus, the Court may limit discovery otherwise allowed by the rules. Fed. R. Civ. P. 26(b)(2)(C).

Rule 26 provides: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . ." Fed. R. Civ. P. 26(c)(1). "[T]he Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request."

2

*OSU Pathology Servs., LLC v. Aetna Health, Inc.*, No. 2:11-cv-005, 2011 WL 738051, at *4 (S.D. Ohio Feb. 24, 2011); *see also Medison Am., Inc. v. Preferred Med. Sys., LLC*, 357 F. App'x 656, 660 (6th Cir. 2009).

While the original subpoena does request some legitimately discoverable information, the subpoena is overbroad, as it requests information beyond what is necessary to discover the identity and contact information for the witness who called 911 to report the vehicle collision central to this case. That original subpoena is not sufficiently tailored so as to avoid sweeping in a host of irrelevant or otherwise inadmissible documents, including private calls and text messages completely unrelated to the instant case, and therefore it is overly broad. *See Langenfeld v. Armstrong World Indus., Inc.*, No. 2:13-cv-469, 2014 WL 287386, at *4 (S.D. Ohio Jan. 24, 2014).

Accordingly, Mr. Wieber's motion [Doc. 60] is hereby **GRANTED IN PART**, and the original subpoena that requests production of incoming and outgoing calls and text messages, as well as the timing and duration of the calls, is **QUASHED**. Mr. Wieber's motion is **DENIED IN PART** with respect to the portion of the subpoena requesting the name and address of the account holder for telephone number 863-206-7672. The Court notes that this matter appears to be **MOOT** given the revised subpoena, which requests only the account holder's name and address. The Court further notes that delivery of this Order to Mr. Wieber is not possible, due to what appears to be an intentional omission of any return address or other contact information on his motion.

SO ORDERED.

ENTER:

s/ *Susan K. Lee* _
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE