UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SETH PATRICK ROSS and ELIZA ROSS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Docket No. 1:14-cv-60 ) |
| FRANK KOPOCS and COVENANT PARTNERS TRANSPORTATION, INC., | ) ) ) ) |
| Defendants. | ) |

### PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER TO RE-SET CERTAIN DEADLINES

Plaintiffs hereby move the Court to amend certain deadlines contained in this Court's Scheduling Order [Doc. 30]. Specifically, the Plaintiffs request amendments to Paragraphs 5(e) Expert Testimony, 5(f) Final Witness List, 5(g) All Discovery, and 5(h) Pretrial Disclosures. In support, the Plaintiffs state as follows:

This matter concerns a collision between two tractor-trailer vehicles. Party depositions are complete. The truck driven by Defendant Kopocs has been inspected by both parties' accident reconstruction experts. Pursuant to Rule 26(a)(2), Defendant disclosed a Commercial Driver Safety Expert on February 16, 2015 pursuant to this Court's Scheduling Order. Plaintiff intends to offer medical proof through the deposition of two treating physicians. The deposition of one treating physician was recently completed. The other treating physician's deposition was scheduled for February 24, 2015, but was canceled on February 23, 2015 by the treating physician due to the physician's patient backlog caused by the recent snow and ice storm in

Knox County. Plaintiff is attempting to reschedule the treating physician's deposition but is hampered by the limited availability of the physician.

Unlike the truck driven by Defendant Kopocs, the truck driven by Plaintiff is not owned by Plaintiff or his employer. On the date of the accident, the truck driven by Plaintiff was owned by Worldwide Equipment, Inc. ("Worldwide") and insured through Erie Insurance Company ("Erie"). After months of contacting Erie and eventually in response to a subpoena served upon it by Plaintiff, the parties learned in late December of 2014 that the Plaintiff's truck was taken to a Copart Inc. ("Copart") salvage facility located in Greer, South Carolina.

On January 15, 2015, the parties submitted a Joint Motion to Continue the Expert Disclosure Deadline for Both Plaintiffs and Defendants [Doc. 57]. The purpose of said Joint Motion was to extend the expert disclosure deadline as to accident reconstruction experts *only* in order to allow additional time to inspect the Plaintiff's truck, review the ECM data download, and to disclose the Rule 26(a)(2) reports. At the time the Joint Motion was submitted, it was anticipated that the inspection of the truck would be completed by the end of January 2015. This Court granted the Joint Motion extending the Plaintiff's accident reconstruction disclosure deadline to March 15, 2015 and extending Defendant's accident reconstruction disclosure deadline within 30 days of receipt of Plaintiffs' accident reconstruction expert report. [See Order, Doc. 62]

On or around January 16, 2015, Defendants' counsel issued a subpoena to Copart for an inspection to be performed on January 28, 2015. Counsel further arranged for the ECM data download to be performed by Delta V Forensic Engineering ("Delta V") with the ECM data download costs being split between the parties.

2

Before performing a data download from the truck driven by Plaintiff, Delta V required an inspection authorization be executed by the owner of the truck. Although the truck was deemed a total loss by Erie for which Erie paid the property damage, Erie denied ownership of the truck. Because the current owner of the truck is unknown, Delta V required the authorization be executed by Worldwide (the owner at the time of the accident). During the week of January 19, 2015, Defense counsel contacted Worldwide in an attempt to obtain written authorization on the Delta V inspection authorization form. In response, a representative of Worldwide advised defense counsel that it would not execute the inspection authorization form without a "court order." On January 26, 2015, counsel for the parties held a telephonic status conference with this Court and were advised that this Court could not issue an Order at that time given the current circumstances. Accordingly, on February 11, 2015, Defendant issued a subpoena to Worldwide for the purpose of obtaining the written authorization on the Delta V inspection authorization form. On February 26, 2015, defense counsel advised the undersigned that it had received authorization from Worldwide and arranged for Erie to contact Coparts in order to obtain access to the truck for inspection. Based on the foregoing, it is anticipated that the truck inspection will now take place in the very near future.

In light of the unexpected delays outlined above, Plaintiffs request this Court extend them an additional 15 days for the disclosure of their Rule 26(a)(2) accident reconstruction expert report on **March 30, 2015**.

As stated above, on February 16, 2015, Defendant disclosed a Commercial Driver Safety Expert. Pursuant to Paragraph 5(e) of the Scheduling Order, Plaintiff has 30 days or until March 19, 2015, to disclose any rebuttal experts as provided in Fed. R. Civ. P. 26(a)(2)(D)(ii). Plaintiff has contacted a Commercial Driver Safety Expert and has been advised that said expert is

traveling out of town for a two week period in March. The Commercial Safety Expert has agreed to provide an opinion on behalf of the Plaintiff but has advised that he cannot do so before April 17, 2015. Based on the foregoing, Plaintiff moves to extend the expert rebuttal deadline to **April 17, 2015**.

Paragraph 5(g) of the Schedule Order provides that all discovery under taken pursuant to Fed. R. Civ. P. 26 through 37, including depositions for evidence, shall be completed by March 17, 2015. Plaintiff sees no way that this deadline can be met by either party. As stated above, due to Plaintiff's treating physician cancelling his deposition, Plaintiff is attempting to reschedule the deposition as soon as possible. However, it is unlikely that it will be completed before March 17, 2015. Furthermore, neither party's accident reconstruction expert has produced a report. The Plaintiff expects to depose the defendant's accident reconstruction expert and it is anticipated that defendants will want to do the same with Plaintiff's expert. Since neither expert has produced a Rule 26 report, and in fact is not currently required to disclose the report until March 15 and April 15 respectively, clearly their depositions cannot be conducted before March 17. In the event that this Court grants the Plaintiff's second request for an extension of the expert disclosure deadline to March 30, the defendant's accident reconstruction expert disclosure deadline would likely be extended to April 30, 2015. In addition, Plaintiff would like to depose defendant's recently disclosed commercial safety expert, but conducting his deposition before March 17 is also unlikely. Based on the foregoing, Plaintiffs request and extension of the discovery cutoff to **May 8, 2015** to allow it time to take three depositions: (1) his treating physician, (2) the defendants' accident reconstruction expert, and (3) defendants' commercial safety expert.

4

Case 1:14-cv-00060-SKL   Document 84   Filed 02/27/15   Page 4 of 5   PageID #: 301

Finally, given the requested extensions outlined above, Plaintiffs request this court grant an extension of the Pretrial Disclosure deadline to **May 15, 2015**, which would be one month before the currently scheduled trial date.

Plaintiff's request for these extensions should not affect the currently scheduled trial date because all discovery will be completed over one month before the trial date of June 16, 2015.

Respectfully submitted, this 27th day of February, 2015.

**Kramer Rayson LLP**

/s/ Adam G. Russell
Robert W. Knolton (BPR # 002564)
Warren L. Gooch (BPR #) 005533
Adam G. Russell (BPR #27505)
Attorneys for Plaintiff
P. O. Box 629
Knoxville, Tennessee  37901-0629
865-525-5134

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27th, 2015, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

  /s/Adam G. Russell