UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

SETH PATRICK ROSS, *et al.*,           )
                                        )
              Plaintiffs,               )
                                        )
v.                                      )     No. 1:14-cv-60-SKL
                                        )
FRANK KOPOCS, *et al.*,                 )
                                        )
              Defendants.               )

## MEMORANDUM AND ORDER

Before the Court is Defendants' motion for leave to amend their answer [Doc. 49], as well as Defendants' proposed amended answer [Doc. 49].[1] Plaintiffs have filed a response in opposition to Defendants' motion [Doc. 56]. Defendants have not filed any reply, and this matter is now ripe. As set forth herein, Defendants' motion to amend [Doc. 49] will be **GRANTED IN PART** and **DENIED IN PART**.

**I.      BACKGROUND**

This matter is a negligence action arising out of a motor vehicle accident involving two tractor-trailer trucks. According to the complaint, Plaintiff Seth Ross was the driver of one of the tractor-trailer trucks and Defendant Frank Kopocs was the driver of the other. Plaintiff Seth Ross and his wife, Plaintiff Eliza Ross, brought this action against Defendant Kopocs and his employer, Defendant Covenant Partners Transportation, Inc., alleging that Defendant Kopocs's negligence in operating his vehicle caused the collision of the two tractor-trailer trucks. Plaintiffs allege that

---

[1] Defendants failed to file a proposed amended answer as required by the local rules. E.D. Tenn. L.R. 15.1 ("A party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion.").

Defendant Kopocs was negligent in improperly stopping his tractor-trailer truck on the shoulder of I-75 for a non-emergency reason; failing to warn traffic with appropriate hazard warning lights and other lights on his vehicle; failing to observe the vehicle operated by Plaintiff Seth Ross that was traveling behind him on the interstate before he pulled out from the shoulder onto the interstate; failing to yield the right of way to the vehicle being operated properly by Plaintiff Seth Ross on the interstate; and failing to exercise due care in operating the tractor-trailer truck. Plaintiffs also allege that Defendant Kopocs violated various Tennessee traffic laws, which Plaintiffs contend constitute negligence *per se*. Plaintiffs allege that Defendant Covenant Partners Transportation, Inc. is liable under the doctrine of *respondeat superior* as the employer of Defendant Kopocs. Plaintiff Seth Ross seeks to recover damages for his injuries, past and future medical bills, pain and suffering, and lost wages. Plaintiff Eliza Ross seeks to recover for loss of consortium.

In their motion, Defendants state that they are seeking to amend their answer "in order to remove reference to independent contractor and contractor contained in Paragraphs 4 and 11 in order to refer to an employer/employee relationship and to add the affirmative defenses referred to as paragraphs 19 and 20 . . . ." [Doc. 49 at Page ID # 178]. Defendants seek to include the affirmative defense of spoliation of evidence with regard to Plaintiff Seth Ross's driver log book and the commercial truck Plaintiff Seth Ross was driving at the time of the collision.

In their response, Plaintiffs state that they have no objection to Defendants' proposed amendments that would acknowledge the employer/employee relationship between Defendants, but Plaintiffs do object to the proposed amendments which would assert the affirmative defense of spoliation of evidence. Plaintiffs contend that Defendants should not be permitted to assert this defense because Plaintiffs did not refuse or fail to produce the log book and the tractor-trailer truck driven by Plaintiff; rather, these items could not be produced because the log book was located

2

inside the tractor-trailer truck, which was removed to a location that was unknown to Plaintiffs until recently. Plaintiffs state that the location of the tractor-trailer truck has now been discovered, and the parties have made arrangements to inspect and examine it. Plaintiffs contend that under these circumstances, there can be no assertion that Plaintiffs have intentionally attempted to hide or destroy evidence in this case. Plaintiffs contend that Defendants were aware that Plaintiffs did not have the log books based upon Plaintiff Seth Ross's deposition. Plaintiffs further contend that Defendants' attempt to assert a spoliation of evidence defense against Plaintiff Seth Ross's employer is improper because his employer is not a party to the action. Plaintiffs' final argument is that spoliation of evidence is not an "affirmative defense" to be raised in an answer to the complaint.

## II. STANDARD

Under the Federal Rules, a party's response to a pleading (including a defendant's answer to the complaint) is required to affirmatively state any avoidance or affirmative defense. Fed. R. Civ. P. 8(c). "Failure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense." *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)). However, the "failure to raise an affirmative defense by responsive pleading does not always result in waiver of the defense," such as where the plaintiff has received notice of the affirmative defense by some other means or where amendment is permitted under Rule 15(a). *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing Fed. R. Civ. P. 15(a)). "Rule 15(a) allows a party to amend his pleading to assert an omitted affirmative defense." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

A party may amend his pleading "only with the opposing party's written consent or the

court's leave," which should be "freely give[n]" "when justice so requires." Fed. R. Civ. P. 15(a); *see also In re Polyurethane Foam Antitrust Litig.*, 998 F. Supp. 2d 625, 641 (N.D. Ohio 2014). While leave to amend should be freely given, it is appropriate for courts to deny leave to amend "in instances of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Glazer v. Chase Home Finance LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). When analyzing the futility of a proposed amendment, the court uses the same analysis for a motion to dismiss under Rule 12(b)(6), and matters outside the pleadings may not be considered. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); Fed. R. Civ. P. 12(d). "The determination of whether the circumstances of a case are such that justice would require the allowance of an amendment to an answer is left to the sound discretion of the district court . . . ." *Estes v. Kentucky Utilities Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980).

### III. ANALYSIS

As noted above, Plaintiffs make several arguments as to why Defendants should not be permitted to amend their answer to include spoliation of evidence as an affirmative defense: (1) that the facts do not support spoliation of evidence having occurred; (2) that spoliation of evidence is not an affirmative defense; and (3) that Defendants cannot assert a spoliation of evidence defense against Plaintiff Seth Ross's employer because his employer is not a party to the action. The Court will address Plaintiffs' arguments in turn.

    **A.    Plaintiffs' Argument that the Facts Do Not Support Defendants' Claim of Spoliation of Evidence**

Plaintiffs argue that Defendants should not be permitted to assert that Plaintiffs have intentionally attempted to hide or destroy evidence in this case, given the circumstances of the

case, particularly the fact that the missing tractor-trailer truck has now been located and will be inspected by the parties. Plaintiffs appear to be arguing that Defendants' proposed amendment regarding spoliation of evidence is futile because there was no spoliation of evidence. Such factual assertions go outside of the pleadings and, as noted above, cannot be considered by the Court in determining whether to grant Defendants' motion to amend their answer. *See Rose*, 203 F.3d at 420. Thus, this argument by Plaintiffs fails.

   B.   **Plaintiffs' Argument that Spoliation of Evidence Is Not an Affirmative Defense**

Plaintiffs also argue that Defendants' attempt to amend their answer to assert spoliation of evidence as an affirmative defense should be denied because spoliation of evidence is not an affirmative defense. Although the parties failed to provide any citation to authority in support of their contentions concerning spoliation as an affirmative defense, the Court will nevertheless address this issue.

Affirmative defenses are listed in the Federal Rules of Civil Procedure, and while this list is not exclusive, *see Sony/ATV Music Pu. LLC v. D.J. Miller Music Distribs., Inc.*, No. 3:09-cv-01098, 2011 WL 4729811, at *14 (M.D. Tenn. Oct. 7, 2011), the list of affirmative defenses is "the starting point" "[i]n determining whether a defense is an affirmative one," *Dana Corp. v. Blue Cross & Blue Shield Mut. Of N. Ohio*, No. C87-7734, 1990 WL 264716, at *1 (N.D. Ohio Dec. 14, 1990). Spoliation of evidence is not included in Rule 8(c)'s list of affirmative defenses. Fed. R. Civ. P. 8(c). "Spoliation is 'the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction.'" *Ross v. Am. Red Cross*, 567 F. App'x 296, 301-02 (6th Cir. 2014) (quoting *United States v. Copeland*, 321 F.3d 582, 597 (6th Cir. 2003)). Courts to have addressed this issue have held that spoliation is not an affirmative defense, but rather is a rule of evidence. *See Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148,

5

155-56 (4th Cir. 1995) (noting that spoliation is "not an affirmative defense, but a rule of evidence"); *ABC Business Forms, Inc. v. Pridamor, Inc.*, No. 09 C 3222, 2009 WL 4679477, at *3 (N.D. Ill. Dec. 1, 2009) (alteration in original) (quoting *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (internal quotation marks omitted) ("Spoliation of evidence, asserted as the second affirmative defense, may be the basis for sanctions, but it does not give rise in civil cases to substantive claims or defenses."); *Forest Labs., Inc. v. Caraco Pharm. Labs., Ltd.*, No. 06-CV-13143, 2009 WL 998402, at *1 (E.D. Mich. Apr. 14, 2009) (alteration in original) (quoting *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 450 (4th Cir. 2004)) (internal quotation marks omitted) ("[S]poliation is not a substantive claim or defense but a rule of evidence, and thus is administered at the discretion of the trial court"); *Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co., Inc.*, 520 F. Supp. 2d 1184, 1198 (C.D. Cal. 2007) (noting that a defendant need not plead spoliation of evidence as an affirmative defense because spoliation is not a defense, but rather is an evidentiary and discovery remedy); *Donohoe v. Am. Isuzu Motors, Inc.*, 155 F.R.D. 515, 520 (M.D. Pa. 1994) (holding that "[t]he affirmative defense defendants seek to add is insufficient as a matter of law because spoliation of evidence is not an affirmative defense").

Although Plaintiffs' argument was not supported with authority, they are correct that spoliation of evidence is not an affirmative defense. Thus, the Court will **DENY** Defendants' motion to amend their answer to the extent that it seeks to include spoliation of evidence as an affirmative defense. The Court notes that this Order does not preclude Defendants from raising the issue of spoliation in another, more appropriate method if doing so is warranted.

### C. Plaintiffs' Arguments Regarding the Inapplicability of Defendants' Spoliation Claims Against Plaintiff Seth Ross's Employer

Plaintiffs' remaining argument in opposition to Defendants' proposed amendments to their answer is that Defendants cannot assert a spoliation of evidence defense against Plaintiff Seth

6

Ross's employer because his employer is not a party to this action. Given that the Court is denying Defendants' motion to amend with respect to its proposed amendments regarding spoliation of evidence, the Court need not address Plaintiffs' arguments regarding the assertion of spoliation as a defense against a nonparty.

**IV.  CONCLUSION**

Accordingly, Defendants' motion to amend [Doc. 49] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Defendants' motion to amend is **GRANTED IN PART** regarding Defendants' proposed amendments to remove references to the independent contractor/contractor relationship and instead refer to the employer/employee relationship between Defendants Ross Kopocs and Covenant Partners Transportation, Inc., given Plaintiffs' lack of opposition to this amendment;

(2) Defendants' motion to amend is **DENIED IN PART** regarding Defendants' proposed amendments to assert spoliation of evidence as an affirmative defense.

Defendants are **ORDERED** to file an amended answer within **7 days** of this Order that complies with the terms of this Order and the requirements of Local Rule 15.1.

SO ORDERED.

ENTER:

                                                    s/ *Susan K. Lee*
                                                    SUSAN K. LEE
                                                    UNITED STATES MAGISTRATE JUDGE