UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| SETH PATRICK ROSS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:14-cv-60- SKL |
| | ) | |
| FRANK KOPOCS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER**

Before the Court are Plaintiffs' motion to amend their complaint [Doc. 69] and their motion to revise the scheduling order [Doc. 84]. In their motion to amend, Plaintiffs sought to add allegations related to their claims of negligence, negligence *per se*, gross negligence, and reckless conduct, and to add a claim for punitive damages. Plaintiffs filed a proposed amended complaint as an exhibit to the motion [Doc. 69-1]. Defendants filed a response in opposition to Plaintiffs' motion to amend the complaint [Doc. 80], in which they argued that Plaintiffs' proposed amendments should be denied because they are futile and because they would cause undue delay and prejudice to Defendants given the short amount of time before the discovery deadline expires. Plaintiffs, in their reply brief [Doc. 89], state that they are no longer seeking to amend the complaint to add a claim for punitive damages, and Plaintiffs filed a revised proposed amended complaint [Doc. 95]. Defendants then filed a supplemental brief [Doc. 94] in response to Plaintiffs' reply and revised proposed amended complaint, in which they oppose the revised proposed amended complaint. This motion is now ripe.

As to Plaintiffs' motion to revise the scheduling order [Doc. 84], Plaintiffs request that the deadlines for expert disclosures, final witness lists, all discovery, and pretrial disclosures be

extended.  Defendants have filed a response in partial opposition to Plaintiffs' motion [Doc. 93], in which Defendants agree with the extensions requested by Plaintiffs regarding the depositions of a treating physician and the parties' accident reconstruction experts, but oppose the other requested extensions.  The time to file a reply has now passed and Plaintiffs did not file a reply.[1]  Thus, this motion is also now ripe.

## I.  MOTION TO AMEND COMPLAINT

### A.  Standard

Rule 15(a)(1) of the Federal Rules of Civil Procedure allows amendments to pleadings "once as a matter of course" within "21 days after serving [the pleading], or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Plaintiffs filed their motion to amend more than 21 days after Defendants' answer to the complaint, and thus Plaintiffs may not amend as a matter of course.  Where a party does not have the right to amend as a matter of course, "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."  *Brumbalough v. Camelot Care Ctrs.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citations omitted).

"Ordinarily, delay alone[] does not justify denial of leave to amend."  *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002).  "Delay that is neither intended to harass nor

---

[1] Typically, the Court does not address a motion seeking to extend deadlines prior to the filing of a reply brief or the expiration of the standard time allowed for a reply under Local Rule 7.1(a), absent a request that the motion be expedited.

causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading." *Id.* (quoting *Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982)). "At some point, however, delay will become undue, placing an unwanted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Id.* (quoting *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984)) (internal quotation marks omitted). "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995) (citing *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968 (6th Cir. 1973)). "The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (quoting *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (internal quotation marks omitted). In *Phelps*, the Sixth Circuit elaborated on the idea of prejudice as follows:

> In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Phelps*, 30 F.3d at 662–63 (citing *Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986)).

   B.   **Analysis**

Because Plaintiffs are no longer seeking to add a punitive damages claim, and because Defendants agree that the amendment is now moot as to the punitive damages claim, the Court need not address the matter of punitive damages further. Defendants continue to object to Plaintiffs' revised proposed amended complaint with respect to the negligence *per se* claims and

claims that Defendant Covenant Partners Transport, Inc. was reckless and grossly negligent in the hiring, supervision and training of Defendant Frank Kopocs. Defendants, in their supplemental response in opposition to Plaintiffs' revised proposed amended complaint, do not argue futility with regard to these remaining claims. Rather, Defendants argue that Plaintiffs should not be permitted to amend their complaint to include these claims because of undue delay and prejudice to Defendants.

In short, Defendants argue that Plaintiffs' revised proposed amended complaint will cause undue delay and prejudice because of the short amount of time remaining in the discovery period and because Plaintiffs filed their motion to amend on the date the deadline for amendments to pleadings expired. Defendants state that additional written discovery would be necessary to require Plaintiffs to "state with particularity every witness who has knowledge regarding the claims for negligence *per se*" and to produce any documents that support Plaintiffs' claims for negligence *per se*, as well as to "identify the factual basis for the claims for negligent hiring and negligent entrustment." [Doc. 94 at Page ID # 349-50]. Defendants state that "additional discovery will be necessary with regard to these claims"; that they "are entitled to conduct whatever discovery is necessary on these claims"; and that they will be prejudiced because they will not be able to conduct the necessary discovery given the current discovery deadline [*Id.* at Page ID # 349]. While Defendants represent that they are entitled to discovery as a result of the amendment and will not be able to obtain it prior to the discovery deadline, Defendants also state that they are "strenuously opposed to any extensions that might jeopardize the trial date of this matter," and that they do not want "any of the discovery deadlines to be moved." [*Id.* at Page ID # 349-351]. Defendants also argue that Plaintiffs' reference to "gross negligence" is "improper in light of the plaintiffs' withdrawal of their claim for punitive

4

damages." [*Id.* at Page ID # 349-50]. Additionally, Defendants contend that because Plaintiffs delayed in filing their proposed amendment until the final day for such amendments under the scheduling order, rather than filing it when Plaintiffs first became aware of these potential claims in December 2014 after the depositions of Defendants, this undue delay has prejudiced them.

In their reply brief, Plaintiffs argue that there was no undue delay in bringing these additional causes of action, and Plaintiffs state that these new claims will not prejudice Defendants. Plaintiffs' counsel provides a listing of his schedule including jury and bench trials which took place in January and February of 2015, after Plaintiffs' counsel had received the transcripts of Defendants' depositions in early January 2015. Plaintiffs' counsel acknowledges that his trial schedule "is not atypical of a litigator," but shows that any delay in filing the motion to amend was not undue [Doc. 89 at Page ID # 325]. Plaintiffs contend that the new claims of negligence *per se* and negligent hiring, training, and supervision would not require additional discovery, as the former claims require a legal conclusion and the latter claims are based on the testimony of Defendants, not the testimony of Plaintiffs. Plaintiffs argue that Defendants have not shown what discovery would be necessary, nor have they shown how they would be prejudiced by the proposed new amendments.

There are two standards that courts follow when considering motions to amend—Rule 16's good cause standard and Rule 15's liberal amendment standard; which standard is applied depends on the timing of the motion. Where a motion to amend is filed after a scheduling order's deadline has passed, the party seeking leave to amend must first show good cause under Rule 16(b) for failing to request leave to amend before the deadline had passed, and only then does the court evaluate the amendment under Rule 15(a). *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003); *see also Leary v. Daeschner*, 349 F.3d 888, 906-908 (6th Cir. 2003). Rule 16

5

requires the court to enter a scheduling order that limits the time for joinder of parties and amendment of pleadings in each case. Fed. R. Civ. P. 16. The purpose of this requirement is to "ensure that at some point both the parties and the pleadings will be fixed." *Leary*, 349 F.3d at 906 (citations and internal quotation marks omitted). Where the plaintiff moves for leave to amend prior to the expiration of the deadline for amendments to pleadings, the proposed amendment is evaluated under Rule 15(a)'s more lenient standard. Plaintiffs filed their motion to amend on the date of the deadline for amendments to pleadings, February 17, 2015. While earlier would have been better, the filing of the motion to amend meets the court imposed deadline. To the extent Defendants are complaining that the deadline for amendments falls too close in time to the discovery cutoff, the Court allows the parties to establish the deadlines in the scheduling order with the Court during a scheduling conference; thus, any such complaint is not well taken.

Defendants cite to one case in which a district court denied leave to amend when the plaintiff moved to amend on the amendment deadline date, *Snelling v. ATC Healthcare Servs., Inc.*, which involved a situation where the information that was the basis for the amendment had "at all relevant times been within the knowledge of [the plaintiff]," and where permitting the amendment would necessitate additional discovery, including "numerous depositions." No. 2:11-CV-983, 2013 U.S. Dist. LEXIS 177179, at *9-10 (S.D. Ohio Oct. 17, 2013). The district court therefore denied leave to amend after concluding that "the proposed amendment has been unduly delayed and, if permitted to proceed, would work to the substantial prejudice of [the defendant]." *Id.* at *10. Defendants also cite to other cases in which courts denied leave to amend because allowing amendment would have required additional discovery after the deadline.

The instant case is distinguishable from the cases cited by Defendants, as they involve a shorter time period in which Plaintiffs had knowledge of the information that is asserted to be the basis for the amendment. Here, Plaintiffs became aware of the alleged basis for the amendment after deposing Defendants. Defendants contend that because they were deposed in mid-December 2014, Plaintiffs should not have waited until February 2015 to propose the amendments. Plaintiffs' counsel, however, contends he did not receive the deposition transcripts until early January 2015, and his schedule thereafter was consumed by other obligations so the motion to amend was filed on February 17, 2015. Plaintiffs' counsel's schedule is not extraordinary or even atypical, but it appears that the filing of Plaintiffs' motion to amend was not delayed for the purpose of harassing or prejudicing Defendants. I **FIND** that the period of time between when Plaintiffs learned the information at Defendants' depositions and when Plaintiffs filed the motion to amend does not constitute undue delay, particularly given Plaintiffs' counsel's explanation of the timing, as well as the fact that the motion was timely filed within the Court's deadline.

Additionally, the instant case is distinguishable from the cases cited by Defendants because there does not appear to be any real need for extensive additional discovery. Defendants argue that, if amendment is allowed, they would need to take additional written discovery to require Plaintiffs to "state with particularity every witness who has knowledge regarding the claims for negligence *per se*" and to produce any documents that support Plaintiffs' claims for negligence *per se*, as well as to "identify the factual basis for the claims for negligent hiring and negligent entrustment." [Doc. 94 at Page ID # 349-50]. The negligence *per se* claims appear to involve the same facts as the claims from Plaintiffs' original complaint. Plaintiffs state that they could not present witnesses to testify that the particular statutes were violated by Defendants,

7

because such testimony would be a legal conclusion. Plaintiffs also argue that the claims regarding negligent hiring, training, and supervision are based on the testimony of Defendants, not Plaintiffs or Plaintiffs' witnesses. Thus, even if additional discovery is truly necessary, the parties should be able to work out an agreeable resolution to accommodate any such discovery. In short, Defendants have not established any significant prejudice to them or undue delay.

Accordingly, Plaintiffs' motion to amend [Doc. 69] will be **GRANTED**.

## II.   MOTION TO REVISE SCHEDULING ORDER DEADLINES

### A.   Standard

Rule 16 makes it clear that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists, the "overarching inquiry" is whether the moving party was diligent in attempting to meet the Court's deadlines. *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (quoting *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011)).

### B.   Analysis

In Plaintiffs' motion to revise the scheduling order, they seek to extend the deadlines regarding expert testimony, final witness lists, all discovery, and pretrial disclosures. Plaintiffs specifically request the following deadline extensions: (1) an additional extension until March 30, 2015 for Plaintiffs to disclose their Rule 26(a)(2) accident reconstruction expert report; (2) an extension of the expert rebuttal deadline until April 17, 2015; (3) an extension for the discovery deadline until May 8, 2015; and (4) an extension of the pretrial disclosure deadline until May 15, 2015. Plaintiffs represent that these extensions will not affect the currently scheduled trial date because all discovery will still be completed more than a month in advance of the June 16, 2015 trial date.

8

Plaintiffs make a variety of arguments in support of their extension requests. A significant basis for the extensions being sought by Plaintiffs is the delay caused by the confusion over who owned the truck driven by Plaintiff Seth Ross. Because ownership was uncertain, there was confusion regarding who could authorize the parties to inspect the truck and obtain its electronic data. Plaintiffs represent in their motion that their accident reconstruction expert had not been able to inspect the truck, which he must do before preparing his expert report. Plaintiffs also represent that their commercial driver safety rebuttal expert will not be able to provide his expert report prior to the deadline for disclosure of rebuttal experts, because the expert will be out of town for a two week period in March. Additionally, Plaintiffs seek to extend the discovery period to take the depositions of Plaintiff's treating physician, Dr. McCollum, Defendants' accident reconstruction expert, and Defendants' commercial safety expert. Plaintiffs state that Dr. McCollum's deposition was postponed due to inclement weather, and they state that they could not depose the other experts prior to the current discovery deadline. Plaintiffs also request that the pretrial disclosure deadline and the final witness list deadline be extended.

While Defendants agree that the discovery deadline should be extended to allow the scheduling and taking of the depositions of Dr. McCollum and the parties' accident reconstruction experts,[2] Defendants oppose extending discovery in general and specifically oppose the remaining extensions requested by Plaintiffs. Defendants argue that Plaintiffs have had enough time since the inspection of the truck driven by Plaintiff Seth Ross, and enough time to complete discovery generally, and Defendants therefore argue that the Court should deny the

---

[2] Defendants do not address the fact that Plaintiffs' motion requests an extension only to take the deposition of Defendants' accident reconstruction expert, not Plaintiffs' accident reconstruction expert.

9

extensions requested by Plaintiffs, other than the requests to which Defendants agree. Defendants argue that they are prepared to comply with all current deadlines, and to grant the extensions requested by Plaintiffs would prejudice Defendants. Defendants argue that Plaintiffs' efforts to complete discovery prior to the close of the discovery period were lacking, particularly Plaintiffs' efforts to depose Defendants' commercial driver safety expert, who Plaintiffs did not attempt to schedule for deposition prior to requesting the extension. Defendants further argue that the pretrial disclosures deadline does not need to be extended, and that Plaintiffs' request that the final witness list deadline be extended is moot, given that both parties have filed their final witness lists by the deadline.

Given the delay in inspecting the truck driven by Plaintiff Seth Ross, and the further delay in receiving the electronic data from the truck,[3] it is apparent to the Court that the parties have experienced significant delays despite their diligence in working to complete discovery within the Court's deadlines. The Court therefore **FINDS** that good cause exists to extend discovery. Because extending the discovery deadline to allow only certain discovery addressed in the pending motions, responses, and reply to go forward, might create more problems than it would solve, the discovery deadline will be extended for the purposes of all discovery addressed

---

[3] Counsel for both parties emailed the Court on this issue after the filing of Plaintiffs' motion and Defendants' response in opposition. Counsel for Defendants emailed the Court on March 11, 2015 and stated that Defendants had received a copy of the electronic data from the truck driven by Plaintiff Seth Ross on March 10, 2015. Counsel for Defendants represented that a copy of this electronic data was also mailed to Plaintiffs' counsel. Defendants therefore argued that "it appears that the disclosure deadlines for the accident reconstruction experts should remain intact as currently reflected in the Court's prior Order." Email from Terrill L. Adkins to the Chambers of Magistrate Judge Susan K. Lee (Mar. 11, 2015, 03:18 p.m. EST) (on file with undersigned). Counsel for Plaintiffs, who was copied on Defendants' email to the Court, responded to Defendants and the Court with an email stating that "[P]laintiffs stand on their Motion to Amend the Scheduling Deadlines." Email from Adam G. Russell to the Chambers of Magistrate Judge Susan K. Lee (Mar. 12, 2015, 02:46 p.m. EST) (on file with undersigned).

in the pending motions, responses and reply. As a result, certain other deadlines will be extended as set forth below.

Accordingly, Plaintiffs' motion to revise the scheduling order [Doc. 84] will be **GRANTED**.

### III. CONCLUSION

Plaintiffs' motion to amend [Doc. 69] is hereby **GRANTED** and Plaintiffs are **ORDERED** to file their amended complaint **within five days** of this Order. Plaintiffs' motion to revise the scheduling order [Doc. 84] is also **GRANTED**, and the current scheduling order [Doc. 30], will be modified as follows.

> 5. *Disclosure and Discovery*:
>
> (e) *Expert Testimony*: Plaintiffs shall disclose any rebuttal experts, as provided in Fed. R. Civ. P. 26(a)(2)(D)(ii) on or before April 17, 2015.
>
> If at any time it appears that a *Daubert* hearing may be necessary to determine the admissibility of expert testimony, the moving party shall notify the Court at their earliest convenience and prior to the dispositive motion deadline of the potential need for such a hearing by filing a motion regarding same.
>
> (f) *Final Witness List*: On or before **April 17, 2015**, the parties shall provide to all other parties and file with the Court a final witness list in accordance with Fed. R. Civ. P. 26(a)(3)(A)(i). Within five (5) days after service of this final witness list, the list may be supplemented. After that time, the list may be supplemented only with leave of the court and for good cause.
>
> (g) *All Discovery*: All discovery at issue in the pending motions, responses, and reply undertaken pursuant to Fed. R. Civ. P. 26 through 37, including without limitation the taking of depositions "for evidence" and requests for admissions, shall be completed by **April 30, 2015**.
>
> (h) *Pretrial Disclosures*: On or before **May 29, 2015**, the parties shall make the pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3)(A) (ii) and (iii). (Deposition testimony and exhibit list). All deposition

testimony to be offered into evidence must be disclosed to all other parties on or before this date.

All other deadlines under the current scheduling order remain unchanged.

SO ORDERED.

ENTER:

                              s/ *Susan K. Lee*
                              SUSAN K. LEE
                              UNITED STATES MAGISTRATE JUDGE