UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SETH PATRICK ROSS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:14-cv-60-SKL |
| | ) |
| FRANK KOPOCS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is a motion for partial summary judgment, with a memorandum in support, filed by Defendants Frank Kopocs and Covenant Partners Transportation Inc. ("Defendants") seeking summary judgment on Plaintiff Eliza Ross's claims against them for loss of consortium and emotional distress [Docs. 81 & 82]. Plaintiffs Eliza Ross and Seth Ross ("Plaintiffs") have filed a response in opposition to Defendants' motion for partial summary judgment [Doc. 91]. Defendants did not file a reply to the response within the time permitted, so this matter is now ripe.

For the reasons explained below, Defendants' motion for partial summary judgment [Doc. 81] will be **DENIED**.

## I. FACTUAL BACKGROUND

Plaintiffs initiated this action in the McMinn County Circuit Court at McMinn, Tennessee [Doc. 1 at Page ID # 1]. On March 3, 2014, Defendants removed the case to this Court on the basis of federal question jurisdiction as well as diversity of citizenship [Doc. 1 at Page ID # 2]. According to the amended complaint, Plaintiff Seth Ross seeks to recover for personal injuries sustained in a motor vehicle accident which took place on February 14, 2013, and Plaintiff Eliza

Ross seeks to recover for loss of consortium as well as the "high emotional distress" she sustained as a result of her husband's injuries [Doc. 104 at Page ID # 599-600]. The crux of the complaint is that Defendant Frank Kopocs was negligent in operating his vehicle under common law, state statutes, and federal regulations, and that his negligence is imputed to Defendant Covenant Partners Transportation Inc. [*Id.* at Page ID # 597-99]. Plaintiffs further allege that Defendant Covenant Partners Transportation Inc. was negligent and grossly negligent in the hiring, supervision, and training of Defendant Frank Kopocs.

**II. STANDARD**

Summary judgment is mandatory where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one that *matters*—i.e., a fact that, if found to be true, might "affect the outcome" of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The applicable substantive law provides the frame of reference to determine which facts are material. *Anderson*, 477 U.S. at 248. A "genuine" dispute exists with respect to a material fact when the evidence would enable a reasonable jury to find for the non-moving party. *Id.*; *Jones v. Sandusky County, Ohio*, 541 F. App'x 653, 659 (6th Cir. 2013); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). In determining whether a dispute is "genuine," the court cannot weigh the evidence or determine the truth of any matter in dispute. *Anderson*, 477 U.S. at 249. Instead, the court must view the facts and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports*, 253 F.3d at 907. A mere scintilla of evidence is not enough to survive a motion for summary judgment. *Anderson*, 477 U.S. at 252; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

The moving party bears the initial burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Jones*, 541 F. App'x at 659. The movant must support its assertion that a fact is not in dispute by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c). If the moving party carries this burden, the opposing party must show that there is a genuine dispute by either "citing to [other] particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." *Id.* In reply, the movant may then attempt to show that the materials cited by the nonmovant "do not establish the . . . presence of a genuine dispute." *Id.* Either party may also attempt to challenge the admissibility of its opponent's evidence. *Id.*

The court is not required to consider materials other than those specifically cited by the parties, but may do so in its discretion. *Id.* If a party fails to support its assertion of fact or to respond to the other party's assertion of fact, the court may "(1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e).

### III.   DISCUSSION

Defendants focus their motion on the facts outlined in paragraph 10 of Plaintiffs' complaint, which states:

> 10. That the Plaintiff, Eliza Ross, has had the responsibility as the wife of the Plaintiff, Seth Ross, of taking care of her disabled husband and providing for his needs at home and in transporting him to the various physicians treating him, and has sustained high emotional distress because of the injuries sustained by her husband. The Plaintiff, Eliza Ross, makes further claim for the loss of companionship, services, and consortium of her husband.

[Doc. 104 at Page ID # 599-600].[1] Defendants make two arguments in their motion for partial summary judgment: (1) that Plaintiff Eliza Ross's claim for loss of consortium "cannot include her experience of taking care of her injured spouse, providing for his needs at home, or transporting him to physician appointments"; and (2) Plaintiff Eliza Ross's claim for emotional distress fails as a matter of law because she cannot satisfy an essential element of the claim, "as she was not involved in the motor vehicle accident and did not make observations at the accident scene at or near the time following the motor vehicle accident." [Doc. 82 at Page ID # 285].

The Court will first address Defendant's argument regarding Plaintiff Eliza Ross's claim for emotional distress. While the complaint could be read as stating a claim for emotional distress, Plaintiffs, in their response, have stated that they are not making a separate and independent claim for negligent infliction of emotional distress [Doc. 91 at Page ID # 339]. Plaintiffs make it clear that paragraph 10 of the complaint concerns Plaintiff Eliza Ross's claim for loss of consortium, not a claim for emotional distress [*Id.*]. Plaintiffs will be bound by these representations at the trial. Thus, as Plaintiffs are not asserting a claim for emotional distress, the Court need not address Defendants' motion regarding this issue further and Defendants' motion for partial summary judgment will be **DENIED** as **MOOT** as Plaintiff Eliza Ross is not asserting an emotional distress claim.

The Court will next turn to Defendants' argument that Plaintiff Eliza Ross's loss of consortium claim "cannot as a matter of law include a spouse's own personal experience related to having to take care of an injured or disabled spouse, or having to transport the spouse to medical appointments." [Doc. 82 at Page ID # 287]. Defendants argue that because Plaintiff

---

[1] At the time Defendants' motion for partial summary judgment was filed, Plaintiffs' amended complaint [Doc. 104] had not yet been filed. Plaintiffs' original complaint [Doc. 1-1] contained the same paragraph 10 at issue in Defendants' motion, however.

4

Eliza Ross's loss of consortium claim cannot include these experiences, they are "entitled to summary judgment as to this part of the plaintiffs' Complaint." [*Id.*]. Plaintiffs, in their response, argue that Defendants are "incorrectly seek[ing] to have this Court rule, as a matter of law, that the facts alleged in paragraph 10 of the Complaint in support of Mrs. Ross' claim for loss of services and consortium of her husband, are not allowable as proof of the elements of her claim." [Doc. 91 at Page ID # 336-37].

Defendants specifically state that their motion "*does not apply* to that portion of paragraph 10 of the Complaint, in which the plaintiffs state that '[t]he plaintiff, Eliza Ross, makes further claim for the loss of companionship, services, and consortium of her husband.'" [Doc. 82 at Page ID # 284 (emphasis added)]. Thus, Defendants are not seeking summary judgment on Plaintiff Eliza Ross's claim for loss of consortium, but rather are only seeking summary judgment regarding the "part of the plaintiffs' Complaint" which refers to Plaintiff Eliza Ross's "experience of taking care of her injured spouse, providing for his needs at home, or transporting him to physician appointments" because Defendants contend that a loss of consortium claim cannot include these experiences as a matter of law [*Id.* at Page ID # 287]. Defendants have both clearly stated that (1) they are not seeking summary judgment on Plaintiff Eliza Ross's claim for loss of consortium; and (2) they are seeking summary judgment as to Plaintiff Eliza Ross's experiences caring for her husband as part of her claim for loss of consortium.

Under the Federal Rules of Civil Procedure, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Defendants' motion argues that they are entitled to judgment as a matter of law regarding Plaintiff Eliza Ross's personal experiences caring for her

injured husband, including taking him to medical appointments.  These experiences, however, are not a claim in Plaintiffs' complaint, but are rather factual allegations which Plaintiffs contend show "the circumstances that have affected [Plaintiff Eliza Ross's] marital life and the emotional stress created thereby . . . ."  [Doc. 91 at Page ID # 338].  Plaintiffs note that Defendants have not cited any authority for their contention that they are entitled to judgment as a matter of law regarding Plaintiff Eliza Ross's experiences providing care to her husband.  The Court agrees that Defendants are improperly attempting to exclude factual allegations in their motion for partial summary judgment.  Thus, this portion of Defendants' motion will also be **DENIED**.  This order does not preclude Defendants from asserting properly supported evidentiary objections or seeking appropriate jury instructions regarding the matters addressed herein.

### IV.     CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment [Doc. 81] is **DENIED**.

SO ORDERED.

ENTER:

                                                              s/ *Susan K. Lee*
                                                              SUSAN K. LEE
                                                              UNITED STATES MAGISTRATE JUDGE